UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAEJAR DEONTE PARKER,

    Petitioner,

-vs-

CIVIL NO. 05-71106
HON. AVERN COHN

PAUL H. RENICO, WARDEN,
ST. LOUIS CORRECTIONAL FACILITY,

    Respondent    /

## PETITIONER'S SUPPLEMENTAL PLEADING

**NOW COMES PETITIONER,** Saejar Deonte Parker, pursuant to Fed.R.Civ.Pro.15 ect.seg., and files this supplemental pleading, supplementing his "**Petition For Writ of Habeas Corpus**" already on file with this court in the above-entitled action..

Petitioner hereby incorporates by reference and adopts here the statements and authorities contained in "Argument I" of his habeas petition as fully stated herein, and supplements "Argument I" with:

-[1]-

## A R G U M E N T   1 a

JUSTICES O'CONNELL AND DONOFRID OF MICHIGAN COURT OF APPEALS, RULING WAS INCONSISTENT WITHIN ITSELF TO RENDER A DETERMINATION THAT THERE WAS SUFFICIENT EVIDENCE TO CONVICT PETITIONER OF FELONY IN POSSESSION OF A FIREARM.

The Fifth Amendment to the United States Constitution acts as an impregnable dam which holds back the government from depriving a U.S. citizen of his liberty (freedom) without due process.

The Fifth Amendment is made applicable to the states through the due process clause of the Fourteenth Amendment. **IN RE SAMUEL WINSHIP,** 397 **U.S.** 358, 364; 90 **S.Ct.** 1068; 25 **L.Ed.2d** 368 (1970); U.S.C.A. Const.Amends. 5,14.

Defendants Jack D. Tillman Jr., Terrence V. Williams, and Saejar D. Parker appealed by right to the Michigan Court of Appeals, and all three petitioners' appeal was consolidated into one opinion.

In the instant cause, the primary focus is the erroneous conclusion inflicted on petitioner "Parker" to affirm his conviction that relied upon an unreasonable conclusion of law and facts to render its decision contrary to petitioner Parker's valid assertion that there was not sufficient evidence to convict him of felony

possession of a firearm. Under the circumstances, being as though the facts and conclusion of law used by Justices O'Connell and Donofrio to affirm the other two (2) defendants, rather one in particular "Williams" conviction, in their opinion, contradicts their conclusion )position) and determination against petitioner Parker, and had no basis to warrant its decision to affirm. Whereas Justices O'Connell's and Donofrio's conclusion of facts and law in their opinion rejecting defendant Williams' argument, second paragraph on page five (5), supports petitioner Parker's assertion that their ruling was inconsistent. In fact there was not sufficient evidence to warrant their decision against Parker. Where the Justices held (page-6):

"Finally, Williams argues that the jury's indecision on the assault charge inpugns its findings that he was guilty of conspiracy. We disagree. We find no inconsistencies in a verdict finding a defendant guilty of conspiracy while not finding him guilty of the actual assault. Likely, the prosecutor failed to pursuade the entire jury beyond a reasonable doubt that Williams rather than Elijah Tallman actually shot the victim. In any event, we will not upset the conspiracy conviction based on speculation about the jury's motives. **People** v **Cazal**, 412 Mich. 680, 688; 316 NW2d 705 (1985). Instead, we limit our review to whether the evidence supported the verdict. Id. Here the evidence demonstrated at bare minimum that Williams rode in the car to the site of the crime and remained there during the shooting; sat near a ski mask, a pair of gloves, and a pistol; probably threw the lugar out of his window, and attempted to escape after the crash. Because this evidence alone sufficed to support the inference that he conspired to commit murder, we affirm his conviction."

Petitioner Parker contends that the court, after a legal acquittal, did without legally sufficient evidence on appeal create a senario that places defendant Terrence Williams with the gun (Lugar) that was used in the assault without any positive identification that Williams actually was the shooter. This was done in order to transfer the other gun to petitioner Parker that was found on the passenger side backseat near the door where defendant Williams was stationed in the car, which petitioner Parker was on the driver's side backseat.

Justices Pete D. O'Connell and Pat M. Donofrio indicated in their opinion against petitioner on page-6 as though the gun was found in between (middle) of petitioner Parker and defendant Williams to omit the fact that petitioner was on the opposite side, the driver's side, backseat, to draw inferences of constructive possession to avoid the evidence that there was not any inferences that petitioner constructively or actually possesed a firearm, period. These two Justices, absent Justice Joel P. Hoekstra, went on to erroneously conclude from somewhere other than the trial transcripts that "the evidence also showed that a driver'side door repeatedly opened during the chase, suggesting that Parker attempted to dispose of the gun or use it against his pursuers." Again they omitted specifics, in particular what door on the driver's side opened repeatedly to direct the evidence on petitioner Parker again it to warrant their

decision there was sufficient evidence, which is contrary to the evidence. Trooper Campbell's testimony was that he observed the **"driver's side"** FRONT door opened when he was pursuing the vehicle (Transcript, Jury Trial V of VIII, pp 44-45, 10/23/02) leaving their opinion clearly erroneous to warrant their decision. As petitioner stated above, and the evidence presents, petitioner was in the "backseat" on the driver's side with a "back door", and not the driver's seat which is where the front door is located that Trooper Campbell observed open (front door).

Therefore, as demonstrated by petitioner Parker, Justices Peter D. O'Connell and Pat M. Donofrio's opinion and decision is based upon an unreasonable conclusion of facts and law to warrant its decision. **Brumlet v Winnard**, 269 F.3d 629, 637 (6th Cir. 2001); **Williams v Taylor**, 529 U.S. 362, 405 (2000); 28 USC 2254 (d)(1)-(2). The only way to described these two Justices' decision and opinion, rather their conclusion of facts and law, is through the definition of the phrase **"Miscariage of Justice"**. This is why Justice Joel P. Hoekstra dissented, being as though justice still has not been done, unless the honorable court reverses petitioner's conviction for the above and following further reasons.

In summary, petitioner Saejar Deonte Parker submits that there was insufficient evidence to convict him of felony possession of a firearm and felony firearm. The only evidence that the prosecution had against

this petitioner was that he was in the same vehicle where two guns where found. The problem, however, is that there were three other persons in the vehicle, and defendant was furthest away from the two guns. Testimony regarding a third gun found on the street revealed that it was thrown from the front driver's side window, and that petitioner was sitting in the rear driver's side seat.

The standard of review for sufficiency of evidence is whether, when the evidence is viewed in the light most favorable to the prosecution, a rational finder of fact could find that the essential elements of the crime had been proven beyond a reasonable doubt. **People v Wolfe**, 440 Mich. 508; 489 NW2d 748 (1992).

The United States and Michigan Supreme Courts have held that due process requires that before a petitioner may be convicted, the prosecution must introduce evidence which would justify a "rational" trier of fact in concluding that a defendant is guilty beyond a reasonable doubt. If sufficient evidence is not introduced, a directed verdict or judgement of acquittal should be entered. **People v Wolfe, supra; People v Hampton**, 407 Mich. 354, 368; 285 NW2d 284 (1979); **People v Hubbard**, 387 Mich. 294, 299; 196 NW2d 768 (1972); see also, **Jackson v Virginia**, 443 U.S. 307, 316-318; 99 S.Ct. 2781; 61 L.Ed2d 560 (1979).

In the instant matter, petitioner was convicted of felony possession of a firearm, and felony firearm. The issue in the present case is possession.

Mere presence at the scene of a crime does not make a person a knowing participant in the crime. See, **People v Butler**, 413 Mich. 377, 384-385; 319 NW2d 540 (11982); **People v Harper**, 365 Mich. 494, 500; 113 NW2d 808 (1962); **People v Burrel**, 253 Mich. 321, 323; 253 NW 170 (1931); **People v Sumners**, 68 Mich.App. 571, 581-82; 243 NW2d 689 (1976); **People v Gordon**, 60 Mich.App 412, 418-19; 231 NW2d 409 (1975); **United States v Castillo**, 844 F.2d 1379, 92 (CA.9, 1988); **United States v Rackley**, 742 F.2d 1266, 1271 (CA.11, 1984).

Admittedly, it is not required that a person actually have continued physical possession of a weapon to be convicted of the subject offense. As noted by the Michigan Supreme Court in **Wolfe, supra**, a person may be constructively in possession. **Constructive possession** is a doctrine used to broaden the application of possession-type crimes to include situations in which actual physical control cannot be directly proven. **People v Konrad**, 449 Mich. 263, 279-80; 536 NW2d 517 (1995) (Brickley, C.J. dissenting). Hence, "constructive possession refers to prior actual physical possession that can be inferred from the circumstances surrounding and arrest. "Id. Thus, constructive possession exists when

-[7]-

the totality of the circumstances indicates a sufficient nexus between the petitioner and the contraband. **Wolfe**, **supra** at 520.

However, mere presence at the location where contraband is found, without more, is insufficient to prove constructive possession. In **Wolfe**, the Supreme Court held as a matter of law that merely finding a petitioner near a gun during a drug raid, without more, was insufficient evidence to convict the petitioner of a felony firearm charge.

"The police officers found a shotgun on the living room floor of the apartment. Except for the presence of defendant Wolf in the apartment, there was no evidence that he had any role in obtaining the gun or in making it available during the commission of the underlying felony. Unlike Rogers, Wolfe did not have a shell in his pocket that could be used in the shotgun. Likewise, there was no evidence that Wolfe attempted to use the gun, or even to reach for it, when police entered the apartment. We conclude that Wolfe's presence in the apartment alone is insufficient proof of possession of a firearm during the commission of a felony." **Id**; 440 Mich. at 527.

In the present case, there were two guns found in the car (Transcript, Jury Trial Vol III of VIII, pp 122-24, 10/18/02). One weapon was found on the **front passenger's side** and the other on the **rear passenger's side** floorboard. **Id.** Testimony revealed that petitioner was seated in the rear driver's side seat of the four door vehicle (**Id**). Testimony also revealed that a third gun was found along the route of the pursuit, but that the only testimony regarding any gun being

-[8]-

discarded was Trooper Campbell's observation that the **"driver's side front door opened"** when he was pursuing the vehicle (Transcripts, Jury Trial Vol. V of VIII, pp 44-45, 10/23/02).

All things considered, there was insufficient evidence to find beyond a reasonable doubt that petitioner Parker was guilty of the felony possession of a firearm offense, and the felony firearm offense. The testimony revealed that petitioner was furthermost away from the firearms located in the vehicle; that he was seated in the rear driver's side seat, and his door did not open during the pursuit; and that his conduct in assisting the officers in gaining control of the scene was consistent with someone being merely present at the location of a crime. Therefore, defendant Parker's convictions should be reversed as there was insufficient evidence to find him guilty of felony possesssion of a firearm, and felony firearm. **People** v **Wolfe**, supra; **People** v **Hampton**, 404 Mich. 354, 360; 285 NW2d 284 (1979); **People** v **Hubbard**, 387 Mich. 294, 299; 196 NW2d 768 (1979); see also, **Jackson** v **Virginia**, 443 U.S. 307, 316-318; 99 S.Ct. 2781; 61 L.Ed2d 560 (1979).

Respectfully submitted,

Saejar Deonte Parker

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAEJAR DEONTE PARKER,

        Petitioner,              FILE NO. 05-71106
                                      HON. AVERN COHN

-vs-

PAUL H. RENICO,

        Respondents   /

### AFFIDAVIT OF SAEJAR DEONTE PARKER

I, Saejar Deonte Parker, being first duly sworn, depose and say that the hereunto annexed **Supplemental Pleading** by me is true and correct to the best of my knowledge and belief; and in verification of same, I hereunto affix my signature, below, before a duly commissioned notary public.

                                                  _/s/ Saejar Parker_
                                                   Saejar Deonte Parker

Sworn and subscribed to before me by affiant, above, and in certification of same, I hereunto, below, affix my signature and Seal on this _28th_ day of June 2005.

_/s/ B L Nicholson_
Notary Public Signature

                                     B L NICHOLSON
                              NOTARY PUBLIC, STATE OF MI
                                COUNTY OF MONTCALM
                       MY COMMISSION EXPIRES Dec 12, 2011
                            ACTING IN COUNTY OF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAEJAR DEONTE PARKER,

       Petitioner,                     FILE NO.05-71106
                                             HON. AVERN COHN

-vs-

PAUL H. RENICO,

       Respondents    /

## PROOF OF SERVICE

I, Saejar Deonte Parker, being first duly sworn, depose and say that I served a copy of the hereunto annexed **Supplemental Pleading** upon the Respondent(s) via First Class mail on the notary date given, below; and in verification of same, I hereunto affix my signature, below, before a duly commissioned notary public.

                                                     /s/ Saejar Parker
                                                   Saejar Deonte Parker

Sworn and subscribed to before me by affiant, above, and in certification of same, I hereunto, below, affix my signature and Seal on this ____ day of June 2005.

_____
Notary Public Signature

                                                   B L NICHOLSON
                                         NOTARY PUBLIC, STATE OF MI
                                           COUNTY OF MONTCALM
                                      MY COMMISSION EXPIRES Dec 12, 2011
                                      ACTING IN COUNTY OF

FILED 2005 JUL -1 A 11:59